

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2006

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1469

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. White" (2006). *2006 Decisions.* Paper 428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1469
_____

UNITED STATES OF AMERICA

v.

GRADY WHITE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00615)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2006

Before:  FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed September 21, 2006)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth
Circuit, sitting by designation.

FISHER, *Circuit Judge*.

An appeal may be deemed frivolous, warranting summary affirmance of the judgment below without further participation of counsel, when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). Counsel for the defendant asserts, in a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), that this appeal satisfies this standard. The defendant has not argued to the contrary, despite the opportunity to file a brief in his own behalf. We agree with counsel's assessment.

The defendant was charged by a grand jury with cashing numerous counterfeit checks at a federally insured financial institution, in violation of 18 U.S.C. § 1344. (A. 18.) He appeared before the District Court in November 2004 and, after an extensive colloquy, and with the assistance of appointed counsel, entered a plea of guilty to the indictment. (A. 16-30.) He was subsequently sentenced, in February 2005, to a term of imprisonment of fourteen months, at the upper end of the range recommended by the United States Sentencing Guidelines. (A. 1-5.) The District Court found on the record that the sentence was justified in light of the nature of the offense, the defendant's lengthy criminal history, and the need for deterrence. (A. 34-48.)

We are convinced, based on a careful review of the record and the brief submitted by defense counsel, that there are no non-frivolous issues to be raised on appeal. The District Court undoubtedly had jurisdiction over the indictment, which alleged violations of federal law. *See* 18 U.S.C. § 3231 (granting jurisdiction over "all offenses against the

laws of the United States"). The defendant was fully apprised during the plea hearing of the nature of the charged offense and his constitutional rights, and he knowingly and voluntarily chose to plead guilty and relinquish those rights. *See* Fed. R. Crim. P. 11(b) (outlining requirements); *see also United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (same). The sentence imposed by the District Court is within the range prescribed by the Guidelines and reflects full consideration of the relevant factors under 18 U.S.C. § 3553(a), as required by *United States v. Booker*, 543 U.S. 220 (2005). *See id.* at 261 (discussing requirements); *United States v. Cooper*, 437 F.3d 324, 330-32 (3d Cir. 2006) (same). There is no hint in the record of reversible error.

We will grant counsel's motion to withdraw and affirm the judgment of the District Court. *See* 3d Cir. LAR 109.2(a) (citing *Anders*, 386 U.S. 738). We also find that it is unnecessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the Supreme Court on the defendant's behalf. *See id.* 109.2(b).